STATE OF WEST VIRGINIA

**FILED**

March 19, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD B. GENTRY,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0046** (BOR Appeal No. 2054461)
                           (Claim No. 2018028138)

**PINNACLE MINING COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard B. Gentry, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Pinnacle Mining Company, LLC, by Counsel Jane Anne Pancake and Jeffrey B. Brannon, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on January 27, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its October 6, 2019, Order. The Order was affirmed by the Board of Review on December 19, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gentry, a coal miner, alleges that he developed bilateral cubital tunnel syndrome in the course of and resulting from his employment. Treatment notes by Michael Kominsky, D.C., indicate an upper extremity EMG was conducted on January 19, 2016, due to bilateral hand numbness. The EMG showed bilateral cubital tunnel syndrome. There was no indication of acute or chronic cervical root involvement. The Employees' and Physicians' Report of Injury was completed on June 11, 2018. It indicates Mr. Gentry developed bilateral cubital tunnel syndrome as a result of his work duties. The physicians' section was completed by Dr. Kominsky who diagnosed ulnar right nerve lesion as a result of an occupational disease. The injured body parts were the bilateral elbows.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on December 21, 2018, in which Mr. Gentry reported bilateral hand tingling and numbness since 2011 or 2012. He stated that his symptoms had remained the same since he ceased working. Dr. Mukkamala diagnosed borderline carpal tunnel syndrome and ulnar neuropathy in the elbows. He opined that the conditions were not the result of the claimant's work duties. Mr. Gentry missed no work due to the symptoms, and the symptoms did not improve once he ceased working. Based on Dr. Mukkamala's findings, the claims administrator rejected the claim on January 27, 2019.

In a February 27, 2019, treatment note, Dr. Kominsky noted that Mr. Gentry reported tingling and numbness in his elbows. He stated that his job required him to use vibrating tools, hammers, and wrenches. Dr. Kominsky diagnosed chronic repetitive elbow sprain/strain and bilateral cubital tunnel syndrome. He opined that Mr. Gentry developed bilateral cubital tunnel syndrome due to his excessive use of hand tools and hammers and operating heavy equipment for many years.

Mr. Gentry testified in an April 24, 2019, deposition he has high blood pressure, which is controlled with medication. He stated that he uses no tools at home. Mr. Gentry testified that his symptoms have remained largely unchanged since January of 2016, but the numbness and cramping had increased since he stopped working.

The Office of Judges affirmed the claims administrator's rejection of the claim on August 6, 2019. Regarding carpal tunnel syndrome, the Office of Judges determined that Dr. Mukkamala found borderline carpal tunnel syndrome in his evaluation, and no other physician of record diagnosed the condition. Further, an EMG showed no evidence of carpal tunnel syndrome. Therefore, the Office of Judges found that the condition could not be added to the claim. Regarding bilateral cubital tunnel syndrome, the Office of Judges found that Mr. Gentry established that he has the condition. Both Drs. Kominsky and Mukkamala diagnosed bilateral cubital tunnel syndrome and the diagnosis was confirmed by EMG. Dr. Kominsky opined that Mr. Gentry developed bilateral cubital tunnel syndrome due to excessive use of hand tools, hammers, and operating heavy equipment for several years at work. Dr. Mukkamala, on the other hand, opined that the bilateral cubital tunnel syndrome was not related to his work activities. Dr. Mukkamala noted that Mr. Gentry ceased using tools or equipment after he stopped working. He reported to Dr. Mukkamala that his bilateral elbow, hand, and wrist symptoms had worsened since he stopped working. Dr. Mukkamala stated that this indicates the condition was not the result of Mr. Gentry's work duties because the symptoms should have plateaued or improved. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 19, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Compensation Commissioner*, 153 W.Va. 796, 172 S.E.2d 698 (1970). A preponderance of the evidence indicates Mr. Gentry did not develop bilateral cubital tunnel syndrome in the course of and resulting from his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed

**ISSUED: March 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**DISSENTING:**

Justice William R. Wooton

3